

**NORTHERN DISTRICT OF TEXAS**
**ENTERED**
**TAWANA C. MARSHALL, CLERK**
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature: Harlin DeWayne Hale]*

Signed July 28, 2006                                                                 **United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| INTERNATIONAL COMMUNICATIONS | § | Case No. 05-38729 HDH-11 |
| GROUP, INC., a/k/a CORBAN | § | |
| NETWORKS, INC., and ICG | § | |
| | § | |
| CORBAN TOWERS, INC. | § | Case No. 05-86870 HDH-11 |
| | § | |
| Debtors | § | Administratively Consolidated |
| | § | Under Case No. 05-38729 HDH-11 |

### MEMORANDUM OPINION ON JACKSON WALKER L.L.P.'S
### FIRST APPLICATION FOR ALLOWANCE OF
### <u>COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>

On July 25, 2006, this Court considered *Jackson Walker, L.L.P.'s* ("JW") *First Application for Allowance of Compensation and Reimbursement of Expenses*. HFLP I, Limited Partnership ("HFLP"), filed a limited objection. The Court took the matter under advisement.

There was no real objection to the amounts sought by JW for fees and expenses.  For the reasons expressed in open court those amounts are allowed.

However, HFLP I takes the position that the "carve out" for professional fees contained in this Court's *Final Order (1) Authorizing (A) Secured Post-Petition Financing on a Super Priority Basis Pursuant to 11 U.S.C. § 364, (B) Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and (c) Grant of Adequate Protection Pursuant to 11 U.S.C. §§* [sic] *363* ("DIP Order") limits the amounts which may be paid to Jackson Walker because the carve out covers Greg Pritchard, appointed President and Chief Restructuring Officer in these proceedings, and FTI Capital Advisors, LLC ("FTI"), a court-appointed financial advisor to the Debtors on the sale of assets.  Mr. Pritchard has received payment of $120,000; and FTI $250,000.  HFLP asserts that Pritchard, FTI, and JW are all subject to the $500,000 cap in the carve out of the DIP Order.

The Court has reviewed the order approving the employment of Mr. Pritchard, the applications to employ FTI and JW, and the DIP Order.  In addition, the Court has considered the testimony and exhibits offered at the hearing.

The carve out covers "Debtor's Professionals" a term undefined by the DIP Order or the Bankruptcy Code.

Mr. Pritchard does not appear to this Court to be a professional under the Bankruptcy Code, or as contemplated by the DIP Order .  His application does not seek approval under any provision of the code relating to professionals.  His payment is not subject to review by this Court.  He was hired by the Debtors, with the assent of HFLP, in an effort to diffuse a situation with the Debtors' creditors.

FTI and JW clearly are professionals for the Debtors and are subject to the carve out. Each was employed pursuant to the provisions which govern professionals. Their payment is subject to Court approval. Thus, FTI, JW and any other professionals for the Debtors must share from the $500,000 carve out.

HFLP may have won the battle, but could ultimately lose the war. The services rendered by FTI and JW were largely devoted to preserving and selling assets in which HFLP claims a lien. As such, the fees and expenses for such services may subject HFLP to a Section 506(c) surcharge, which is not before the Court.

Finally, two additional issues were raised at the hearing. It appears that the retainer received post-petition by JW must count against the carve out, under the express language of the DIP Order.

JW argued that if the carve out applied to other professionals, then such professionals (in this instance only FTI) must be ordered to disgorge excess amounts received. While that could be the ultimate result in the case, and while the FTI order approving payment certainly contemplates the possibility of such disgorgement, that request will be denied for two reasons. First, FTI was not before the Court on that issue, and is entitled to be heard. Second, it may be that both JW and FTI's claims in excess of the carve out may be surcharged against HFLP's collateral. The disgorgement request is therefore premature.

JW shall prepare an order allowing its fees and expenses as requested. Any Section 506(c) surcharge or disgorgement proceeding must be brought by separate motion.

###END OF MEMORANDUM OPINION###